UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL RAY DOSENBERRY,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.
_____/

Case No. 1:12-cv-1359

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Petitioner makes his six objections. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

***Objection 1.*** Petitioner argues that where neither the trial court nor the Magistrate Judge properly examined the circumstances that Petitioner argues support finding a custodial interrogation, the Magistrate Judge erred in denying Habeas Claim I regarding the introduction of his un-*Mirandized* confession at trial (Pet'r Obj., Dkt 29 at PageID.514-519).

The Magistrate Judge excerpted the analyses of both the trial court and appellate court on this issue, analyses that included their detailed delineation of facts supporting the finding that a custodial interrogation did not take place. The Magistrate Judge ultimately concluded that the denial of Petitioner's claim is "neither contrary to, nor involves an unreasonable application of, clearly established federal law" and that the decision was not based on an "unreasonable determination of the facts in light of the evidence presented" (R&R, Dkt 28 at PageID.505).

In his objection, Petitioner asserts that he did not voluntarily come to the police station for his interview but was "enticed" to go (Pet'r Obj., Dkt 29 at PageID.515-516). Likewise, Petitioner emphasizes that he had to be "buzzed in through a secure locked door" to get to the interview room (*id.* at PageID.517). Petitioner posits that it is also "unreasonable" to assign weight to the fact that the questioning officers wore plain clothes and displayed no weapons (*id.*). Last, while conceding that he had his cell phone with him during the interview, Petitioner asserts that the officers nonetheless "demonstrated their control" by directing him when he could use his phone (*id.* at PageID.518-519). Petitioner's arguments merely demonstrate how he would assign different weight to some of the facts and his dissatisfaction with the courts' analyses and the Magistrate Judge's ultimate conclusion. Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's recommendation to deny Habeas Claim I. Accordingly, Petitioner's first objection is denied.

***Objection 2.*** Petitioner argues that where the Magistrate Judge inaccurately stated the date of a transcript (R&R at 35, Dkt 28 at PageID.506), the Magistrate Judge erred in denying his Habeas Claim IV regarding the violation of his right to a fair trial, a claim based on the jury's purported ability to hear court proceedings and arguments from the jury room during Petitioner's case (Pet'r

Obj., Dkt 29 at PageID.519-521, 525). Petitioner has also supplemented his petition to support his position that the purported audio problem was not resolved at the time of his trial (Pet'r Supp., Dkt 31).

As a threshold matter, Respondent pointed out this claim has been procedurally defaulted inasmuch as Petitioner did not raise the issue on direct appeal (Dkt 7 at PageID.370,420-421). Even if the claim is not procedurally defaulted, the Magistrate Judge properly concluded that Petitioner's assertion that the jury heard anything improper during his trial is "purely speculative" (R&R, Dkt 28 at PageID.506), even assuming an audio problem existed in a different trial at a different time. Petitioner fails to demonstrate that the Magistrate Judge improperly recommended denial of Habeas Claim IV. Accordingly, Petitioner's second objection is denied.

***Objection 3.*** Petitioner argues that where the sentencing court relied on "materially false information" in the presentence report, falsities that were never corrected, the Magistrate Judge erred in denying his Habeas Claim V regarding the denial of his right to due process at sentencing (Pet'r Obj., Dkt 29 at PageID.521-522).

Again, as a threshold matter, Respondent pointed out that this claim has been procedurally defaulted inasmuch as Petitioner did not raise the issue on direct appeal (Dkt 7 at PageID.370,422-423). Even if the claim is not procedurally defaulted, Petitioner's one-paragraph objection does not address the Magistrate Judge's analysis, let alone demonstrate error therein. The Magistrate Judge reasoned that Habeas Claim V was properly denied where (1) the trial court addressed the matters at great length at sentencing, and Petitioner has failed to demonstrate that the court's resolution of these various disputes is erroneous or resulted in the consideration of "materially false" information; and (2) even if Petitioner could establish that any of the alleged errors at issue were materially false,

there is nothing in the record to suggest that the trial court relied on such when fashioning Petitioner's sentence (R&R at 36-37, Dkt 28 at PageID.508-509). Petitioner's third objection is properly denied.

*Objection 4.* Petitioner argues that where his trial counsel failed to request a lesser included offense instruction of voluntary and/or involuntary manslaughter, the Magistrate Judge erred in denying his Habeas Claim II regarding the ineffective assistance rendered by his trial counsel (Pet'r Obj., Dkt 29 at PageID.522-523).

The Magistrate Judge found that "[t]here was no evidence that on the night in question Petitioner acted in response to any contemporaneous provocation from Randy Sjoerdsma," and that the evidence instead showed that "Petitioner and Ryan Thibodeaux acted pursuant to a plan the purpose of which was to cause great bodily harm, the definition of malice" (R&R at 39, Dkt 28 at PageID.510). The Magistrate Judge determined that because the evidence did not support instructing the jury on the lesser included offense of manslaughter, Petitioner was not prejudiced by counsel's decision not to make a futile request (*id.*). In his objection, Petitioner emphasizes that he maintained at trial that there was no "plan" and that he had no "intent" to kill the victim (Pet'r Obj., Dkt 29 at PageID.522). However, Petitioner's mere assertion to the contrary does not operate to demonstrate any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion that Habeas Claim II does not present grounds for habeas relief. Accordingly, Petitioner's fourth objection is also denied.

*Objection 5.* Petitioner argues that where his trial counsel "misread and misrepresented" a transcript of a potentially exculpatory conversation between Petitioner and his co-defendant, the

Magistrate Judge erred in denying his Habeas Claim III regarding the ineffective assistance rendered by his trial counsel in "wasting" the transcript (Pet'r Obj., Dkt 29 at PageID.523-524).

As a threshold matter, Respondent pointed out that this claim has been procedurally defaulted inasmuch as Petitioner did not present this ineffective-assistance-of-counsel claim on direct appeal (Dkt 7 at PageID.370, 409, 411). Even if the claim is not procedurally defaulted, Petitioner's argument again fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge properly determined that it is apparent that Petitioner's counsel was seeking to have both versions of the interview transcript admitted in support of an argument that the police modified the transcript not to make it more accurate, but to suit their own purposes in attempting to obtain a conviction against Petitioner (R&R at 40, Dkt 28 at PageID.511). Petitioner's fifth objection is properly denied.

***Objection 6.*** Last, Petitioner argues that because his Habeas Claims II–V have merit, the Magistrate Judge erred in denying his Habeas Claim VI regarding the ineffective assistance of appellate counsel in failing to present these claims (Pet'r Obj., Dkt 29 at PageID.524). However, because Petitioner's objections to the Magistrate Judge's recommendations on Habeas Claims II–V fail, his objection to the Magistrate Judge's analysis of Habeas Claim VI concomitantly fails.

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied. Accordingly:

**IT IS HEREBY ORDERED** that Petitioner's Objections (Dkt 29) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 28) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: July 22, 2016         /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge